Argued December 2, affirmed December 24, 1963

## HASSEBROEK *v.* NORMAN
### 387 P. 2d 824

*Lamar Tooze, Jr.,* and *Arden E. Shenker,* Portland, argued the cause for appellant. With them on the briefs were Tooze, Powers, Kerr, Tooze & Morrell, Portland.

*Mel Kosta,* Portland, argued the cause and filed a brief for respondent.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY, SLOAN, O'CONNELL, GOODWIN and DENECKE, Justices.

SLOAN, J.

This was an action by a small child, through a guardian ad litem, for injury alleged to have been caused by the negligence of defendant. In this unfortunate accident plaintiff suffered the loss of the sight of one eye. The verdict and judgment were for the defendant. Plaintiff appeals.

There was no significant dispute in the facts. On July 4, 1961, defendant purchased for her own small children some small devices with the trade name of "Skyflier." The device consisted of a small hammer-like gadget into which could be placed an explosive cap, like that used in a cap pistol. On top of the cap was placed a small feathered dart. When prepared for shooting the hammer was hit upon a hard surface which would cause the cap to explode with enough energy to throw the dart several feet into the air.

Immediately following defendant's return to her home after the purchase of the "Skyflier" her six year old son fired his device and the dart struck plaintiff in the eye. Defendant was present and aware of the activity of the children. It was claimed that she was negligent because she did not caution the children nor impose any safeguards to prevent an accident. Plaintiff presented the case as one involving an attractive nuisance. The assignments of error are primarily directed at requested instructions not given by the court as well as to instructions given.

We think the case did not involve the doctrine of attractive nuisance. There is no problem here of a

trespassing child. *Pocholec v. Giustina et al,* 1960, 224 Or 245, 355 P2d 1104. Rather it was a case involving the usual concepts of tort liability albeit one in which the inherent danger from the use of the instrumentality was in issue. The issues were fully explained to the jury and we find no error in the challenged instructions given nor in the refusal to give the ones requested. There was language used in two instructions that was not letter perfect. The issues submitted to the jury, however, were direct and uncomplicated. The jurors could not have been misled by the language defendant criticizes.

Another assignment complains because the trial court refused to permit a demonstration of the "Skyflier" to the jury. The trial judge thought that the evidence otherwise submitted had sufficiently informed the jury as to the use of the device. A request for a court room demonstration creates a problem peculiarly directed to the trial judge. *Foster v. Agri-Chem, Inc.,* 1963, 235 Or 570, 385 P2d 184.

We can only conclude that this case was fairly and fully submitted to the jury.

Affirmed.